PER CURIAM.
This is an appeal from the summary denial of Thomas R. James’ motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 based on newly discovered evidence. We affirm the summary denial of his motion for post-conviction relief, -without prejudice to the defendant filing an amended motion.
Thomas alleged in his motion that a fellow inmate, Andre Slaton, could testify that Vincent Williams admitted to him that he, along with another Thomas James different from the defendant, were the perpetrators of the crimes for which defendant was convicted.
To succeed on a motion for post-conviction relief on the grounds of newly discovered evidence, the defendant must prove two factors. First, to qualify as newly discovered evidence, “the asserted facts ‘must have been unknown by the trial court, by the party, or by counsel at the time of trial, and it must appear that defendant or his counsel could not have known them by the use of diligence.’” Jones v. State, 591 So.2d 911, 916 (Fla.1991). Second, “the newly discovered evidence must be of such nature that it would probably produce an acquittal on retrial.” *114 Id. at 915. The summary denial of a newly discovered evidence claim will be upheld if the motion is legally insufficient or its allegations are conclusively refuted by the record. See McLin v. State, 827 So.2d 948, 954 (Fla.2002).
We find that the trial court correctly denied the motion because Thomas failed to demonstrate that the alleged evidence is of such a nature that it would probably produce an acquittal on retrial. See Kokal v. State, 901 So.2d 766, 775 (Fla.2005). Because the trial court did not conduct an evidentiary hearing, we must conclude that the claim is either facially invalid or conclusively refuted by the record in order to uphold the trial court’s ruling. We find that the claim is facially invalid.
Thomas claims that Slaton, a fellow inmate, told him on April 24, 2005, that another inmate, identified as ‘Will,” told him sometime in 1995-February 1996 that “Will” and “TJ” had “busted a hero” during a robbery at a “numbers house” down south and “another nigga got slammed for it.” Slaton did not identify “Will” or “TJ.”, the location of the crime, when it was committed, or provide any details linking this alleged information to the crimes that Thomas was convicted of committing. This does not meet Thomas’ burden of establishing that the evidence he presented to the trial court is of such a nature that it would probably produce an acquittal on retrial. Accordingly, Thomas’ claim was facially invalid, and the trial court was correct in summarily denying the motion.
We thus affirm the denial of Thomas’ motion for postconviction relief but without prejudice to Thomas filing an amended 3.850 motion within thirty days of the date of issuance of this court’s mandate, providing more detail regarding the underlying crime sufficient for him to meet his burden regarding newly discovered evidence.
Affirmed.